UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60277 CR MORENO

UNITED STATES OF AMERICA

vs.

JOSEPH RICCIARDI,

        Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around approximately November 2017 and continuing through in or around approximately August 2019, in Broward County, the Southern District of Florida, and elsewhere, the defendant, JOSEPH RICCIARDI ("RICCIARDI"), knowingly and willfully conspired and agreed with others to solicit and receive illegal health care kickbacks, in violation of Title 18, United States Code, Section 371. Medicare is a "health care benefit program" as defined in Title 18, United States Code, Section 24. Furthermore, Medicare is a health care benefit program affecting commerce.

RICCIARDI owned and controlled JAG Holdings, Inc., JRICCI Management Company and JRAC Holdings, LLC (collectively, the "Ricciardi Entities"), both Georgia corporations with their principal places of business in the Northern District of Georgia. RICCIARDI was a patient broker who referred Medicare beneficiaries to laboratories in exchange for bribes and kickbacks. The laboratories included Clio Laboratories, LLC, Performance Laboratories, LLC and Lazarus Services, LLC (the "Labs"). In exchange for referring beneficiaries to the Labs, RICCIARDI was paid a kickback based on a set amount per test referred. These kickbacks were paid to

RICCIARDI through the Ricciardi Entities by means of cash and by check and wires. RICCIARDI also paid illegal kickbacks to other patient brokers in exchange for genetic tests referred by those brokers, including Company 1, a Florida corporation with its principal place of business in the Southern District of Florida. RICCIARDI also paid illegal kickbacks to telemedicine companies in exchange for doctor's orders authorizing the genetic testing, including Company 2, a Florida corporation with its principal place of business in the Southern District of Florida. From November 2017 to August 2019, the Ricciardi Entities were paid approximately $4,175,950 in kickbacks. Of that amount, RICCIARDI personally received approximately $2,044,472.

RICCIARDI referred the Medicare beneficiaries to the Labs for genetic testing without regard to the medical necessity of the tests. RICCIARDI understood that the tests were not ordered by a physician treating the beneficiary for any specific medical problem, symptom, illness or diagnosis. Instead, RICCIARDI knew that the beneficiaries were recruited through call centers to receive the tests. RICCIARDI understood that the tests were ordered by doctors, including telemedicine doctors, who were not going to use the results in the management of the beneficiary's specific medical problems. RICCIARDI knew that the Labs billed Medicare for the genetic tests.

As a result of RICCIARDI's participation in the conspiracy as a patient broker, Medicare paid the Labs approximately $9 million in reimbursements they were not entitled to receive, based on patients procured through kickbacks.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

Date: 9-20-19

ARIANA FAJARDO ORSHAN

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ROBERT ZINK
CHIEF
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

By: _____ -fo- 12-13-19
JAMES V. HAYES
TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_____
JOSEPH RICCIARDI
Defendant

_____
CRAIG A. GILLEN, ESQ.
LAWANDA HODGES, ESQ.
Attorneys for Defendant

3